Grabau, J.
INTRODUCTION
The plaintiffs filed a lawsuit against the defendant seeking a declaratory judgment for breach of contract and breach of the implied covenant of good faith and fair dealing. The plaintiffs’ lawsuit arises out of the defendant’s refusal to reimburse the plaintiffs for costs incurred in the deleading of their rental property. The plaintiffs contend that lead paint is the type of “physical loss” that is covered under their homeowner’s insurance policy, and therefore, entitles them to be reimbursed for the cost of deleading the rental property. The defendant now brings this motion for summary judgment claiming that an order to delead a building is not the type of “physical loss” insured against under a homeowner’s insurance policy. In the alternative, if the court finds that lead paint is a physical loss, the defendant argues that lead paint is excluded from coverage because it is considered to be a pollutant or contaminant, or a latent defect, inherent vice or a gradual deterioration. For the reasons discussed below, the defendant’s motion for summary judgment is allowed.
BACKGROUND
The plaintiffs are the owners of rental property located at 639 Bay Road in Hamilton, Massachusetts. The home, which was built in 1840, was purchased by the plaintiffs in 1980. The plaintiffs insured the home through the defendant under a Deluxe Coverage homeowner’s insurance policy for the period of July 18, 1994 through July 18, 1995. On September 1, 1994, the plaintiffs leased 639 Bay Road to Mr. and Mrs. Strangle and their two young children. About a month later, the plaintiffs were informed that the Strangies’ children had tested positive for high levels of lead poisoning. There was no peeling or chipping paint or paint dust during the Strangles’ tenancy at 639 Bay Road. At approximately the same time, 639 Bay Road was inspected by Inspector Richard G. Clohisy of the Commonwealth of Massachusetts Department of Public Health Childhood Lead Poisoning Prevention Program (“DPH”). Inspector Clohisy found levels of lead paint that were higher than the legal limit in every room of the house. On October 7, 1994, the DPH issued an Order to Correct Violations requiring the plaintiffs to eliminate all lead violations by hiring a licensed deleading contractor within ninety days.
The plaintiffs paid $27,225 to First Environmental Deleaders of Templeton, Massachusetts to install new windows and to delead the house at 639 Bay Road. The plaintiffs then filed a claim under their homeowner’s insurance policy seeking the reimbursement of approximately $44,000 for testing, deleading, loss of rent, legal and other expenses incurred in their compliance with the Order. The defendant’s denial of the plaintiffs’ insurance claim subsequently gave rise to the present lawsuit.
DISCUSSION
Summary judgment may be granted where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). When the court considers the materials accompanying a motion for summary judgment, “the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion.” Attorney General v. Bailey, 386 Mass. 357, 371 (1982), citing Hub Assocs., Inc. v. Goode, 357 Mass 449, 451 (1970), quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary *728 judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass 706, 711 (1991) citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
When an insurance policy is at issue the court must consider what an objectively reasonable insured, reading the relevant policy language, would expect to be covered." GRE Ins. Group v. Metro Boston Housing, 61 F. 3d 79, 81 (1st Cir. 1995) citing Trustees of Tufts Univ. v. Commercial Union Inc. Co., 415 Mass. 844, 849 (1993) (quoting Hazen Paper Co. v. US Fidelity & Guaranty Co., 407 Mass. 689, 700 (1990)). Common sense is not a stranger to the interpretation of insurance policies. Smartfood Inc. v. Northbrook Property & Casualty Co., 35 Mass.App.Ct. 239, 245 (1993). Absent ambiguity, I must give policy language its plain and ordinary meaning. GRE Ins. Group v. Metro Boston Housing, supra at 81. Ambiguities are resolved against the insurer, who drafted the policy, and in favor of the insured. Id. The insured bears the initial burden of proving that a claim falls within the grant of coverage, which once established, shifts the burden onto the insurer to show the applicability of any exclusion. Id. citing Camp Dresser & McKee Inc. v. Home Ins. Co., 30 Mass.App.Ct. 318, 321 (1991).
The defendant alleges that lead paint is not a physical loss which is recoverable under a homeowner’s insurance policy. The plaintiffs contend, however, that lead paint is a physical loss which is fortuitous, and therefore covered under the provisions of their homeowner’s insurance policy.
The policy states:
Your policy provides coverage against physical loss if your home or its contents are damaged, destroyed or lost. The kinds of losses are covered, and any special limits that apply, are explained in detail in the policy.
(Emphasis added.) The policy further provides that:
In Deluxe House Coverage, a “covered loss” includes all risk of physical loss to your house or other property covered under this part of your Masterpiece Policy, unless stated otherwise or an exclusion applies.
(Emphasis in original.)
The presence of lead paint in the plaintiffs’ rental property did not damage or destroy the rental property, but instead poisoned the Strangies’ children who had tested positive for high levels of lead. Therefore, absent damage or destruction of the rental property, lead paint cannot be considered to be a physical loss that is insured against under the plaintiffs’ homeowner’s insurance policy.[3] Moreover, the plaintiffs are not entitled to be reimbursed for loss of rent and other losses associated with the deleading of the rental property because such losses are not covered under the homeowner’s insurance policy. See Smartfood, Inc v. Northbrook Property & Casualty Co., supra at 243 (economic loss incident to inability to exploit the available property profitably was not within the scope of the property damage coverage).[4]
ORDER
For the above stated reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be ALLOWED.

Since I have determined that lead paint is not a “physical loss” that is insured against under the homeowner’s insurance policy, I need not consider whether lead paint falls under one of the policy’s exclusions.

The policy defined property damage as “physical injury to or destruction of tangible property" or “loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence.” Id. at 242-43.